IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

---------------------------------------------------------------X
:
BAYER CROPSCIENCE INC. and :
BAYER CROPSCIENCE LP :
:
          Plaintiffs, :
: C.A. No. _____
:
          v. :
: TRIAL BY JURY
: DEMANDED
SYNGENTA CROP PROTECTION, LLC, :
:
          Defendant. :
:
---------------------------------------------------------------X

## COMPLAINT

1. Plaintiffs, Bayer CropScience Inc. and Bayer CropScience LP (collectively "Bayer"), national developers and marketers of fungicides, seek injunctive and compensatory relief against defendant Syngenta Crop Protection, LLC ("Syngenta"). Bayer has spent significant time and money developing and marketing products for which it has obtained intellectual property protection. Instead of developing its own products, Syngenta has appropriated Bayer's product by willfully infringing Bayer's patents and has falsely advertised such infringing products.

2. Accordingly, Bayer seeks to enjoin Syngenta from infringing, contributing to the infringement, and/or inducing infringement of United States Reissued

1

Patent No. RE 42,394 ("the '394 patent"), (Exh. A), and from falsely advertising using Bayer's trademarks and otherwise.

3. In addition to seeking injunctive relief, Bayer also seeks compensation for the damages Syngenta has already caused and will continue to cause unless enjoined.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Act 35 U.S.C. § 271 *et seq.*, federal unfair competition arising under the Lanham Act, 15 U.S.C. § 1125 *et seq.* and common law, and unfair competition under the laws of the State of North Carolina.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338(a), which confers jurisdiction over cases of patent infringement, 28 U.S.C. § 1338(b), which confers jurisdiction over cases of unfair competition, and 28 U.S.C. § 1331, which confers federal question jurisdiction in general. The court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 of the unfair competition count under the laws of the State of North Carolina in that this count is so related to the other counts pleaded that it forms part of the same case or controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

7. On information and belief, Syngenta regularly does or solicits business throughout the United States, including in the Middle District of North Carolina,

2

in direct competition with Bayer and has continuous and systematic contacts with the Middle District of North Carolina.

8. On information and belief, there has been and is now an actual controversy between Bayer and Syngenta as to whether Syngenta has actively infringed and/or induced and/or contributed and will continue to actively infringe and/or induce and/or contribute to the infringement of the '394 patent.

9. On information and belief, there has been and is now an actual controversy between Bayer and Syngenta as to whether Syngenta has falsely advertised and will continue to falsely advertise using Bayer's trademarks and otherwise.

## THE PARTIES

10. Plaintiff Bayer CropScience Inc. is a United States corporation, organized and existing under the laws of New York, having its principal place of business at 2 T.W. Alexander Drive, Research Triangle Park, North Carolina 27709.

11. Plaintiff Bayer CropScience LP is a United States limited partnership, organized and existing under the laws of Delaware, having its principal place of business at 2 T.W. Alexander Drive, Research Triangle Park, North Carolina 27709.

12. Among other things, Bayer develops, manufactures, markets and distributes fungicides for professional, agricultural and home use on crop plants, turfs and ornamental plants.

13. On information and belief, Syngenta Crop Protection, LLC is a United States limited liability company, organized and existing under the laws of

3

Delaware, having its principal place of business at 410 South Swing Road, Greensboro, North Carolina 27409.

14. On information and belief, Syngenta regularly does or solicits business throughout the United States, including in the Middle District of North Carolina, in direct competition with Bayer and has continuous and systematic contacts with the Middle District of North Carolina.

15. On information and belief, Syngenta has developed, manufactured, used, and announced its plans to sell and/or offer to sell fungicides which embody the technologies claimed in, and which infringe, the '394 patent.

## COUNT I: INFRINGEMENT OF THE '394 PATENT

16. Plaintiff realleges paragraphs 1-15, above, as if set forth specifically here.

17. The '394 patent, entitled "Fungicidal Compositions for the Enhancement of Turf Quality," originally issued as U.S. Patent No. 5,599,804 on February 4, 1997, and was reissued on May 24, 2011, in the name of the inventor Laurence C. Mudge.

18. Bayer enjoys all exclusive rights and privileges with respect to the '394 patent in the United States, including the right to enforce the '394 patent in its own name.

19. On information and belief, Syngenta has infringed and continues to infringe the '394 patent under 35 U.S.C. § 271(a) and/or (b) at least by engaging in the

4

manufacture, use, sale and/or offer for sale for commercial purposes, or has made meaningful preparations to do so, of its fungicides, that include a phthalocyanine compound, under at least the Appear™ brand name ("Infringing Product").

20. On information and belief, Syngenta has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute Infringing Products by itself and/or through affiliates or third parties.

21. Upon information and belief, there are no substantial non-infringing uses of Syngenta's Infringing Products, which are especially adapted for use in infringing the '394 patent. Syngenta created the Environmental Protect Agency ("EPA") label for an Infringing Product (EPA Reg. No. 100-1451) which states that it "is a violation of Federal law to use this product in a manner inconsistent with its labeling." (Exh. B at 3). Upon information and belief, Syngenta's "Directions for Use" detail infringing uses of an Infringing Product in contravention of the '394 patent. (Exh. B at 3-5).

22. On information and belief, Syngenta has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute Infringing Products by itself and/or through affiliates or third parties, which results in the direct infringement of the '394 patent. On information and belief, these acts of direct infringement occur at Syngenta's active behest and with Syngenta's intent, knowledge, and encouragement. On information and belief, Syngenta actively encourages, aids, and

5

abets these acts of direct infringement with knowledge that it is in contravention of Bayer's rights under the '394 patent.

23. On information and belief, the manufacture, use and sale and offer for sale of the Infringing Products directly infringes, induces and contributes to the infringement of, and, absent the relief sought herein, will continue to infringe, induce, and contribute to the infringement of the '394 patent.

**COUNT II: 15 U.S.C. § 1125(a)(1)(B): FALSE ADVERTISING**

24. Plaintiff realleges paragraphs 1-23, above, as if set forth specifically here.

25. Bayer and its affiliated companies are world leaders in innovative crop science technologies, specializing in crop protection, non-agricultural pest control, seeds and plant bioscience.

26. As part of its Crop Protection business unit, Bayer develops, manufactures, markets and sells fungicides for use on agricultural crops (such as citrus, strawberries, and asparagus), turfgrasses, such as golf course and public park lawns, and ornamental plants, such as roses.

27. Bayer has used the trademark SIGNATURE in commerce throughout the United States in conjunction with its fungicide products since at least as early as 1996.

28. Bayer has extensively promoted and advertised the fungicide products offered under the SIGNATURE mark.

6

29. By virtue of Bayer's long and exclusive use of the trademark SIGNATURE and name in connection with fungicide products and the goodwill that Bayer has established in the trademark and name, the SIGNATURE trade mark has become well established and is one of Bayer's highly valuable assets.

30. Syngenta's use of the SIGNATURE mark in interstate commercial advertising or promotion, (Exhs. C and D), misrepresents the nature, characteristics, and/or qualities, of Bayer's goods, services, and/or commercial activities, causing damage to Bayer in violation of 15 U.S.C. § 1125(a)(1)(B) (Lanham Act § 43(a)(1)(B)).

31. On information and belief, Syngenta falsely or misleadingly claims and/or will continue to falsely or misleadingly claim that "Appear™ fungicide delivers improved summer stress tolerance and greater *pythium* and anthracnose control than your current Chipco® Signature® program." (Exh. C).

32. On information and belief, Syngenta's claims, for the purpose of misrepresenting the nature, characteristics, and/or qualities of Bayer's "Chipco® Signature® program," are false and/or misleading and are unsupported by Syngenta's "Appear™ Efficacy Trials." (Exh. D).

33. On information and belief, Syngenta misrepresented the results of the "Appear™ Efficacy Trials" and excluded test data which better reflected the comparison between Syngenta's Appear™ and Bayer's "Chipco® Signature® program."

34. On information and belief, Syngenta's claims, for the purpose of misrepresenting the nature, characteristics, and/or qualities of Bayer's "Chipco®

7

Signature® program," have influenced and/or will influence the purchasing decision of consumers.

35. On information and belief, Syngenta's claims, for the purpose of misrepresenting the nature, characteristics, and/or qualities of Bayer's "Chipco® Signature® program," deceive or have the tendency to deceive a substantial segment of the audience to the claims.

36. On information and belief, Syngenta's claims, for the purpose of misrepresenting the nature, characteristics, and/or qualities of Bayer's "Chipco® Signature® program," will cause and/or have caused Bayer to suffer damage including lost sales of its trademarked products and damage to its reputation and goodwill that had been established at a cost of significant investment of time and resources.

**COUNT III: N.C. GEN STAT. §§ 75-1.1 and 75-16: UNFAIR COMPETITION**

37. Plaintiff realleges paragraphs 1-36, above, as if set forth specifically here.

38. Syngenta knowingly and willfully engaged in unfair and deceptive acts and unfair methods of competition causing damage to Bayer in violation of N.C. Gen. Stat. §§ 75-1.1 and 75-16, by its use of the SIGNATURE mark in commercial advertising or promotion, misrepresenting the nature, characteristics, and/or qualities, of Bayer's goods, services, and/or commercial activities.

39. On information and belief, Syngenta falsely or misleadingly claims and/or will continue to falsely or misleadingly claim that "Appear™ fungicide delivers

8

improved summer stress tolerance and greater *pythium* and anthracnose control than your current Chipco® Signature® program." (Exh. C).

40. On information and belief, Syngenta's claims, for the purpose of misrepresenting the nature, characteristics, and/or qualities of Bayer's "Chipco® Signature® program," are false and/or misleading and are unsupported by Syngenta's "Appear™ Efficacy Trials." (Exh. D).

41. On information and belief, Syngenta misrepresented the results of the "Appear™ Efficacy Trials" and excluded test data which better reflected the comparison between Syngenta's Appear™ and Bayer's "Chipco® Signature® program."

42. On information and belief, Syngenta's claims, for the purpose of misrepresenting the nature, characteristics, and/or qualities of Bayer's "Chipco® Signature® program," have affected and/or will affect commerce in North Carolina.

43. On information and belief, Syngenta's claims, for the purpose of misrepresenting the nature, characteristics, and/or qualities of Bayer's "Chipco® Signature® program," will cause and/or have caused Bayer to suffer damage including lost sales of its trademarked products and damage to its reputation and goodwill that had been established at a cost of significant investment of time and resources, which damages should be trebled pursuant to N.C. Gen. Stat. §75-16.

WHEREFORE, Bayer respectfully requests the following relief:

(a) A judgment declaring that the '394 patent is infringed by Syngenta's continued manufacture, use, offer to sell and sale of Infringing Products in the United States, and Syngenta's preparations for same, prior to the expiration of the patent;

(b) A judgment declaring that Syngenta falsely advertised in violation of 15 U.S.C. § 1125(a)(1)(B);

(c) A judgment declaring that Syngenta's actions alleged herein are in violation of N.C. Gen. Stat. §§ 75-1.1;

(d) A permanent injunction against any infringement by Syngenta of the '394 patent;

(e) A permanent injunction against Syngenta's false or misleading comparison advertisements using Bayer's SIGNATURE trademark;

(f) A judgment that Syngenta's conduct is willful;

(g) A judgment that Syngenta's conduct is exceptional;

(h) Attorneys' fees in this action under 35 U.S.C. § 285 and/or N.C. Gen. Stat. § 75-16.1;

(i) Damages adequate to compensate for the infringement and enhanced damages under 35 U.S.C. § 284;

(j) Profit disgorgement and/or damages adequate to compensate for the false advertising under 15 U.S.C. § 1117(a);

(k) Treble damages under N.C. Gen. Stat. § 75-16;

(l) Costs and expenses in this action; and

(m) Such other relief as this Court may deem proper.

A trial by jury is demanded.

OF COUNSEL:

Robert J. Koch
Edward J. Mayle
MILBANK, TWEED, HADLEY
  & McCLOY LLP
1850 K Street, N.W., Suite 1100
Washington, D.C. 20006
Tel.: (202) 835-7500
Fax: (202) 835-7586
rkoch@milbank.com
emayle@milbank.com

DATED: April 16, 2013

/s/ William S. Cherry, III

David A. Harlow, NCSB #1887
  USPTO Reg. No. 37,146
Michael T. Medford, NCSB #7227
William S. Cherry III, NCSB #33860
MANNING FULTON & SKINNER,
  P.A.
P.O. Box 20389
Raleigh, North Carolina 27619
Tel.: (919) 787-8880
Fax: (919) 325-4659
harlow@manningfulton.com
medford@manningfulton.com
cherry@manningfulton.com

*Attorneys for Plaintiffs
Bayer CropScience Inc. and
Bayer CropScience LP*