IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BAYER CROPSCIENCE INC. and BAYER CROPSCIENCE LP, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:13-CV-316 |
| SYNGENTA CROP PROTECTION, LLC, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

    This matter is before the Court on various motions to seal filed by both parties. (Docs. 11, 27, 39, 51.) Because the Court concludes that compelling interests heavily outweigh the public interest in access and that there are no less drastic alternatives to redacting the confidential information, the Court will grant the motions in large part. However, because there appears to be a less drastic alternative to sealing the declaration of J.R. James in its entirety, the Court will deny the motion as to that declaration and direct it to be maintained under seal for the time being to give Defendant an opportunity to seek more limited protection.

    This is a patent case concerning a chemical fungicide. Plaintiffs Bayer CropScience Inc. and Bayer CropScience LP (collectively "Bayer") contend that defendant Syngenta Crop Protection, LLC, has violated and is violating their rights protected by United States Reissued Patent No. RE 42,394 by developing and selling a fungicide known as Appear™. Bayer sought injunctive relief, which Syngenta opposed. In addition to briefs, the parties filed several

affidavits and numerous exhibits, some aspects of which the parties, by these pending motions, seek to maintain under seal.

In their briefs in support of the motions to seal, the parties focus on the standard for a protective order rather than the sealing of court records. However, it appearing that the documents contain confidential financial information, the Court has considered the matter in light of appropriate authority. *See, e.g.*, *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 579 (4th Cir. 2004); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *Cochran v. Volvo Grp. N. Am., LLC*, ___ F.Supp.2d ___, ___, 2013 WL 784502, at *1-*2 (M.D.N.C. 2013) (summarizing case law on motions to seal).

When a party makes a request to seal judicial records, a district court "must comply with certain substantive and procedural requirements." *Washington Post*, 386 F.3d at 576. Procedurally, the district court must (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.* "As to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal quotation marks and alteration omitted).

"While the common law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir.1988) (internal citation omitted). In any given case, then, some court-filed "documents fall within the common law presumption of access, while others are subject to the greater right of

2

access provided by the First Amendment. Still others may not qualify as 'judicial records' at all." *United States v. Moussaoui*, 65 F. App'x 881, 889 (4th Cir. 2003) (citing *United States v. Amodeo*, 44 F.3d 141, 145–46 (2d Cir. 1995)).

"Judicial records" are "documents filed with the court [that] play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 290 (4th Cir. 2013). The Fourth Circuit has long held that the public has a First Amendment right of access to materials submitted in connection with dispositive motions, such as summary judgment motions. *Washington Post*, 386 F.3d at 578-79. More recently, the Fourth Circuit held that motions for a court order to obtain records of stored electronic communications brought pursuant to 18 U.S.C. § 2703(d) are judicial records "because they were filed with the objective of obtaining judicial action or relief pertaining to § 2703(d) orders." *In re Application,* 707 F.3d at 290-91. Conversely, the Fourth Circuit has held that "raw fruits of discovery" filed in connection with a motion to dismiss were not judicial records because they were not considered by the court in adjudication of the motion; therefore, the court held, they are not protected by a common law right of access. *In re Policy Mgmt. Sys. Corp.*, Nos. 94-2254, 94-2341, 67 F.3d 296 (table), 1995 WL 541623, at *3-4 (4th Cir. Sept. 13, 1995). While this decision was unpublished, the Fourth Circuit quoted it with approval in *In re Application*. 707 F.3d at 290-91.

The materials sought to be sealed here were filed in conjunction with Bayer's motions for a temporary restraining order and for a preliminary injunction, which were filed with the objective of obtaining judicial action. All the evidence proffered under seal was relevant and admissible and was available for consideration in connection with the motion. The Court concludes that the

3

briefing and exhibits filed in connection with motions seeking injunctive relief are subject to the public's First Amendment right of access. *See Publicker Indus. Inc. v. Cohen*, 733 F.2d 1059 (3rd Cir. 1984) (finding a First Amendment right of access to preliminary injunction proceedings).

"The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Washington Post*, 386 F.3d at 575; *see Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion."). The public's right of access "may be abrogated only in unusual circumstances." *Stone*, 855 F.2d at 182.

Evaluating whether these "unusual circumstances" exist in a particular case is a fact-based inquiry conducted in light of the "specific facts and circumstances" of the case at issue. *See Washington Post*, 386 F.3d at 579. In a criminal case involving motions and hearings in which the public had a First Amendment right of access, the Fourth Circuit held that the following factors were relevant when balancing the government's interest in secrecy and the public's right to access: "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-608); *see also*, *Nixon*, 435 U.S. at 598 (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"). Numerous district courts in this circuit have applied these factors in civil cases. *See, e.g.*, *Adler v. CFA Inst.*, No. 1:11-CV-1167, 2012 WL 3257822, at *1 (E.D. Va. Aug.

4

7, 2012); *Mitchell v. Smithfield Packing Co.*, No. 4:08-CV-182-H, 2010 WL 4877054, at *1 (E.D.N.C. Nov. 24, 2010); *Tustin v. Motorists Mut. Ins. Co.*, 668 F. Supp. 2d 755, 759 (N.D.W. Va. 2009); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2008 WL 3914463, at *3 (E.D.N.C. Aug. 22, 2008).

The motions to seal have been pending for several weeks to several months, and there has been no objection by either party or any member of the public. The pending motions are primarily directed towards keeping confidential certain marketing, sales, and licensing information which is not ordinarily public. *See Nixon*, 435 U.S. at 598. The competitive and financial interest of the parties would be harmed by public disclosure. There is no evidence that the parties are seeking to protect this information for any improper purpose.

The parties have filed redacted versions on the public record of the declaration of Scott Welge, the two declarations of Scott Reasons, and Bayer's reply brief. (Docs. 9-2, 30, 57, 41.) The Court has compared these versions to the unredacted versions, which were either provided to the Court pursuant to the Court's CM/ECF Guidelines or filed under seal along with the motions to seal. (*See* Doc. 25 at ¶¶ 3, 9, 14, 16-19; Doc. 38 at 10; Doc. 53 at ¶¶ 4, 10, 14, 21-24.) The exhibits attached to the declarations have been maintained under seal, and Syngenta has not filed them in redacted form on the public record. (*See* Doc. 25-1 to 25-10; Doc. 53-1 to 53-10.) The redacted and sealed information in the declarations, brief, and exhibits consists entirely of confidential marketing and sales information. The Court sees no less drastic alternatives to sealing. Accordingly, the Court will grant Bayer's motion to seal the first Scott Welge declaration, (Doc. 11), Bayer's motion to seal its reply brief, (Doc. 39), Syngenta's motion to seal

the first Reasons declaration and accompanying exhibits, (Doc. 27), and Syngenta's motion to seal the second Reasons declaration and accompanying exhibits, (Doc. 51).

Syngenta also seeks to seal the declaration of J.R. James and accompanying exhibit, (Doc. 55), which Syngenta contends contain internal product testing data. (*See* Doc. 51 at 1; Doc. 52 at 4.) Syngenta has not filed a redacted version of the James declaration. To the extent the motion seeks blanket sealing of the James declaration, it is denied. Syngenta has not argued that the entirety of the James declaration is confidential, and indeed it contains what appears to be non-confidential information about the affiant's credentials and common testing protocols. Nor has Syngenta established an evidentiary foundation sufficient to show that there is a compelling interest in keeping all of the information sealed. In the exercise of its discretion, the Court will give Syngenta additional time to file a redacted copy of the James declaration along with a renewed motion which provides more detailed evidentiary and legal support for sealing the allegedly confidential information.

It is therefore **ORDERED** that:

1. Bayer's motion to seal the Welge declaration, (Doc. 11), is **GRANTED**. Bayer shall file the unredacted declaration under seal, and the Clerk shall maintain it under seal.

2. Bayer's motion to seal its reply brief, (Doc. 39), and Syngenta's motion to seal the first Reasons declaration and accompanying exhibits, (Doc. 27), are **GRANTED**. The Clerk will maintain those documents, (Docs. 25, 38), under seal.

3. Syngenta's motion to seal the second Reasons declaration, the James declaration, and accompanying exhibits, (Doc. 51), is **GRANTED** as to the second Reasons declaration

and **DENIED** as to the James declaration.   The Clerk shall maintain the second Reasons declaration, (Doc. 53), under seal.

4. The James declaration, (Doc. 55), shall remain under seal pending further order.   No later than ten days from the date of this Order, Syngenta may file on the public record the James declaration, (Doc. 55), in redacted form, an amended motion to be allowed to file the unredacted declaration and exhibit under seal, such evidentiary support as may be appropriate, and a short brief in support.

This the 17th day of October, 2013.

_____
UNITED STATES DISTRICT JUDGE